R. Patrick & Co. *v.* D. V. Murphy.

Novation is not presumed ; the intention to make it must clearly result from the terms of the agreement, or by a full discharge of the original debt.   C. C. 2186.
C. C. 2181, 2185, 2188.

APPEAL from the District Court of the Parish of Natchitoches, *Chaplin*, J. *A. H. Pierson*, for plaintiffs.   *W. J. Hamilton*, for defendant and appellant.

Voorhies, J.   The defendant is appellant from a judgment rendered against him on a promissory note, drawn by the late commercial partnership of *Hertzog & Murphy*, of which he was a member, which note is dated the 30th of August, 1852, and payable twelve months' after date.

In the spring or summer of 1852, *Poitwent Bludworth*, Junior, became a partner in commendam of the partnership.   Shortly afterwards, *Hertzog* died. On the 22d of December, 1852, the defendant conveyed all his interest in the partnership to *Bludworth*, the latter stipulating, among other things, as the consideration of the sale, to pay all the debts contracted for the purchase of goods, wares and merchandize, for the benefit of the partnership, either by notes, drafts or acceptances, and to exonerate his vendor from any liability resulting therefrom, and also to liquidate said partnership.

It is shown that *Bludworth* continued to carry on the business of the partnership in his own name, from January, 1853, to the 18th of October, 1853, the period of his death.   An instrument, signed by several creditors of the partnership, on the 19th of February, 1853, is introduced in evidence.   It purports to be an agreement granting an extension of time to the firm of *Hertzog & Murphy*, for the payment of their debts on certain conditions, but not to be considered obligatory unless agreed to by all their creditors.   The record shows creditors to a large amount, whose names are not attached to it, and nothing shows that they have ever yielded their assent to it.   On the 1st of February, 1853, it appears that *Bludworth* executed two promissory notes in favor of the plaintiffs, one for $676 59, payable 12 months after date, and the other for $702 79, payable 18 months after date, as collateral security for the payment of the note sued on.   At the meeting of the creditors of the estate of *Bludworth*, *A. H. Pierson*, as the agent of the plaintiffs, claimed the amount of these notes as such collateral security, and voted for syndic.

It is contended by the appellant, on this state of facts, that the note sued on is extinguished by novation.   To constitute novation, two stipulations are essential ; one to extinguish an existing obligation, and the other to stipulate a new one in its place.   C. C. 2181.   Novation takes place in three different ways, one of which is, " when a new debtor is substituted to the old one, who is discharged by the creditor."   C. C. 2185.   And this, it is urged, was done in this instance.   " Novation is not presumed ; the intention to make it, must clearly result from the terms of the agreement, or by a full discharge of the original debt."   C. C. 2186.   The terms of Article 2188 of the Civil Code are explicit: " The obligation, by which a debtor gives to the creditor, another debtor who obliges himself towards such creditor, does not operate a novation,

PATRICK
*v.*
MURPHY.

unless the creditor has expressly declared that he intends to discharge his debtor who has made the delegation." Tested by these principles, it is perfectly clear to our minds, that the appellant's defence has no legal ground to rest on. The case of *Walton* v. *Béauregard*, 1 R. R. 301, on which the appellant relies, is clearly distinguishable from the present. There the creditor, without the consent of the original debtor, had granted to the delegated debtor, a delay which impaired the security, so as to make the obligation more onerous to the original debtor. But here it appears to have been otherwise. The evidence repels the presumption, that any intention existed on the part of the plaintiffs to novate their debt, or that they were intended either directly or by legal implication, to discharge the defendant. The notes of *Bludworth*, it is shown, were given to them as collateral security. Apart from this, nothing shows that the plaintiffs ever consented to grant any prolongation of payment. The agreement relied on, depended on a certain contingency, which never happened, and must consequently be viewed as not having any legal effect. Even admitting it was legal, it would only amount to a prolongation granted to the partnership, and not to *Bludworth* individually. As the facts are presented by the record, we do not think that the notes of *Bludworth* could have operated as an estoppel, or prevented the plaintiffs to coerce, in the meantime, the payment of their debt against the partnership. We are at a loss to discover how the acts of the plaintiffs in this matter could have operated to the prejudice of the defendant, or rendered his obligation more onerous. The doctrine of novation is clearly announced in the case of *Jacobs* v. *Calderwood*, 4 An. 509, and is directly in point.

It is therefore ordered, adjudged and decreed, that the judgment of the District Court be affirmed, with costs in both courts.